NOT DESIGNATED FOR PUBLICATION

No. 121,060

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BALTAZAR GUZMAN RUIZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; MICHAEL L. QUINT, judge. Opinion filed September 18, 2020. Affirmed.

*Kurt P. Kerns*, of Ariagno, Kerns, Mank & White, of Wichita, for appellant.

*William C. Votypka*, deputy county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., GREEN and BUSER, JJ.

PER CURIAM: A jury convicted Baltazar Guzman Ruiz of possessing cocaine and driving under the influence (DUI). Ruiz now appeals, asking this court to reverse his convictions for three reasons. First, he argues that this court should reverse his convictions because the trial judge committed judicial comment error by discussing his decision not to testify at trial before the jury and by implying that he carried the burden of proof. Second, he argues that this court should reverse his convictions because the trial court instructed the jury on the elements of cocaine possession in a way that allowed the jury to convict him of possessing cocaine under the wrong culpable mental state. Third,

1

he argues that this court should reverse his convictions because even if this court determines that the preceding errors do not individually require reversal of his convictions, the cumulative effect of those errors denied him a fair trial. We find these arguments unpersuasive.

Although Ruiz asks this court to reverse both his cocaine possession and DUI convictions, he has only briefed arguments concerning his cocaine possession conviction. It is a well-known rule that an appellant abandons any argument that he or she raises incidentally without sufficient analysis. *State v. Lowery*, 308 Kan. 1183, 1231, 427 P.3d 865 (2018). Here, by not explaining why the alleged trial errors require reversal of his DUI conviction, Ruiz has abandoned his ability to challenge his DUI conviction on appeal. Thus, we affirm Ruiz' DUI conviction without any additional discussion.

As for Ruiz' cocaine possession conviction, the record establishes the following: (1) that any error stemming from the trial judge's inappropriate comment was harmless beyond a reasonable doubt and (2) that any error stemming from the disputed jury instruction on the elements of cocaine possession was of no consequence because Ruiz failed to show that the jury would have reached a different outcome if the instruction error had not occurred. So in addition to affirming Ruiz' DUI conviction, we also affirm Ruiz' cocaine possession conviction.

In the early morning hours of July 1, 2017, a sheriff's deputy arrested Ruiz for DUI. The deputy had pulled Ruiz' car over after Ruiz made too wide of a left turn and crossed over the center line twice. During the traffic stop, the deputy noted that Ruiz' speech was slurred, eyes were bloodshot, and coordination was impaired. The deputy also noticed that Ruiz "fumbled through his wallet" when he attempted to retrieve his driver's license.

2

Following his arrest, the deputy brought Ruiz to jail. There, Ruiz submitted to a breath alcohol test. That test showed that Ruiz' breath alcohol content was .123, which was well over the legal limit for driving. After Ruiz failed his breath alcohol test, the deputy started the process of booking Ruiz into jail.

Ultimately, however, another officer, Sergeant Brett Heckel, took over Ruiz' booking process. While completing an inspection of Ruiz' personal belongings in front of Ruiz, Sergeant Heckel searched Ruiz' wallet. During that search, Sergeant Heckel discovered a folded dollar bill wrapped around a baggie containing a white powder. Upon finding the baggie, Sergeant Heckel showed the baggie to Ruiz; he then asked Ruiz if the baggie contained drugs. Although Ruiz did not explicitly identify what drug was inside the baggie, Ruiz told Sergeant Heckel that the baggie contained "drugs." Forensic testing later established that the white powder contained within the baggie was cocaine.

Based on the preceding, the State charged Ruiz with cocaine possession and DUI. Ruiz' case eventually proceeded to trial, where a jury found Ruiz guilty on both counts. For both his cocaine possession and DUI convictions, the trial court sentenced Ruiz to concurrent 18-month probation terms. Ruiz' controlling underlying sentence was 11 months' imprisonment followed by 12 months' postrelease supervision.

Ruiz timely appeals.

*Did the Trial Judge Commit Reversible Judicial Comment Error?*

After the defense rested without presenting any evidence, the trial judge told the jury the following: "The defense certainly had a right to testify or to bring witnesses in to present testimony. They have chosen not to, feeling that their case was strong without doing so."

3

On appeal, Ruiz contends that the trial judge's comment implied that his failure to testify was evidence of his guilt. He thus argues that the trial judge violated his right not to testify under the Fifth Amendment of the United States Constitution by making the comment. To support his argument, Ruiz relies on Kansas Supreme Court and United States Supreme Court caselaw. Ruiz asserts that this caselaw establishes that a trial judge may never comment on a defendant's right to testify. Ruiz also argues that the trial judge's comment wrongly implied that he carried the burden of proof at trial.

The State counters by arguing that Ruiz has taken the trial judge's comment out of context. It argues that when the trial judge's comment is considered in context, it is abundantly clear that the trial judge was just explaining trial procedure to the jury. So the State asserts that the trial judge did not commit judicial comment error. Alternatively, the State argues that any error stemming from the trial judge's comment was harmless beyond a reasonable doubt because the comment was made in passing, mitigated by certain jury instructions, and mitigated by the overwhelming evidence establishing that Ruiz knowingly possessed cocaine.

*Applicable Law*

An appellate court reviews judicial comment error challenges in two steps. First, this court must determine whether a particular judicial comment was erroneous. *State v. Boothby*, 310 Kan. 619, 625, 448 P.3d 416 (2019). Second, if the disputed comment was erroneous, this court must consider whether the erroneous comment requires reversal of the defendant's conviction under the constitutional harmlessness test stated in *Chapman v. California*, 386 U.S. 18, 24, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967). *Boothby*, 310 Kan. at 625. Under that test, "the State, as the party benefitting from judicial comment error, has the burden to prove beyond a reasonable doubt that the error did not affect the outcome of the trial in light of the entire record, i.e., prove 'there is no reasonable possibility that the error affected the verdict.' [Citation omitted.]" 310 Kan. 619, Syl. ¶ 1.

4

Our Supreme Court's most recent case involving judicial comment error is *Boothby*. There, during voir dire, the trial judge told the jury that Boothby had been charged with aggravated battery, aggravated assault, and criminal threat. When the prosecutor immediately corrected the trial judge, explaining that the State had charged Boothby with aggravated burglary, not aggravated battery, the trial judge replied that he may have had Boothby's former aggravated battery case. The trial judge then stated that he needed to find the correct complaint. Once he had done this, the trial judge told the voir dire panel that he was "start[ing] over." Ultimately, the jury convicted Boothby of aggravated assault and criminal threat.

Boothby appealed to our Supreme Court, arguing that the trial judge committed prejudicial judicial comment error by making this statement in front of some voir dire panel members who ultimately served on his jury. *Boothby*. Our Supreme Court agreed with Boothby that the trial judge committed judicial comment error by telling the jury that he may have presided over Boothby's former aggravated battery case. Nevertheless, it affirmed Boothby's convictions because any error stemming from the errant judicial comment had no bearing on the jury's verdicts. 310 Kan. at 629.

Specifically, our Supreme Court held that the State had established that the trial judge's erroneous comment was harmless beyond a reasonable doubt for the following reasons:

> "In context, the judge's misstatements during voir dire were brief; made in passing; and quickly remedied by the diligent efforts of defense counsel and the State. The judge corrected his mistake and informed the venire panel that he was 'start[ing] over.' Moreover, the comments were attenuated by the rest of voir dire, the evidence at trial, and the jury instructions, which told the jury to 'decide this case only on the evidence admitted'; to 'disregard any testimony or exhibit which I did not admit into evidence'; and

to base the verdict 'entirely upon the evidence admitted and the law as given in these instructions.'" 310 Kan. at 629.

So the *Boothby* decision involved a significant judicial comment error as the trial judge discussed Boothby's criminal history before voir dire panel members who ultimately served on the jury. Undoubtedly, some jurors may have had a negative opinion about Boothby before the parties even made opening arguments given this criminal history revelation. Yet, because our Supreme Court still affirmed Boothby's convictions, the *Boothby* decision stands for the proposition that even significant judicial comment errors may be rendered harmless beyond a reasonable doubt.

Next, in his brief, Ruiz primarily relies on *State v. Davis*, 255 Kan. 357, 361, 874 P.2d 1156 (1994), and *Griffin v. California*, 380 U.S. 609, 615, 85 S. Ct. 1229, 14 L. Ed. 2d 106 (1965), to support his arguments. Although the *Davis* case does not involve judicial comment error, it does involve a prosecutor's comment about a defendant's decision not to testify at trial. In *Davis*, the prosecutor pointed out during closing arguments that the defendant had not provided the jury with "one bit of evidence throughout the course of the trial." 255 Kan. at 360. Davis eventually appealed to our Supreme Court, arguing that "he [was] entitled to a new trial because the prosecuting attorney improperly commented on his failure to testify or present evidence." 255 Kan. at 361.

Our Supreme Court agreed with Davis that the prosecutor's comment was improper. And it held that any comment by a prosecutor about a defendant's failure to testify constitutes error. 255 Kan. at 361. In reaching this holding, our Supreme Court relied on *Griffin* and K.S.A. 60-439. In *Griffin*, the United States Supreme Court held that the Fifth Amendment to the United States Constitution forbade "either comment by the prosecution on the accused's silence or instructions by the court that such silence is

6

evidence of guilt." 380 U.S. at 615. K.S.A. 60-439, which has not been amended since the *Davis* decision, states:

> "If a privilege is exercised not to testify or to prevent another from testifying, either in the action or with respect to particular matters, or to refuse to disclose or to prevent another from disclosing any matter, the judge and counsel may not comment thereon, no presumption shall arise with respect to the exercise of the privilege, and the trier of fact may not draw any adverse inference therefrom. In those jury cases wherein the right to exercise a privilege, as herein provided, may be misunderstood and unfavorable inferences drawn by the trier of the fact, or may be impaired in the particular case, the court, at the request of the party exercising the privilege, may instruct the jury in support of such privilege."

Yet, the *Davis* court ultimately determined that the prosecutor's comment error was harmless beyond a reasonable doubt for the following reasons: (1) because the comment "amounted to two lines in an extended record of trial"; (2) because Davis immediately objected to the prosecutor's comment; (3) because the prosecutor apologized for making the comment; (4) because the evidence in Davis' case included direct evidence of his guilt; and (5) because the trial court provided the jury with instructions stating that the State had the burden of proof and that Davis had no duty to prove he was not guilty. 255 Kan. at 363.

As a result, the *Davis* decision, the *Griffin* decision, and K.S.A. 60-439 stand for the proposition that when speaking before a jury, a prosecutor should never discuss a defendant's decision not to testify. Also, although K.S.A. 60-439 establishes that the trial judge may address a defendant's decision not to testify, the trial judge may do so only when the defendant requests a jury instruction about his or her right not to testify. Even then, K.S.A. 60-439 establishes that the trial judge's comment must be limited to telling the jury (1) that such privilege exists and (2) that the jury should not make any inference of guilt based on the defendant's decision to exercise that privilege. Thus, the *Davis*

7

decision, the *Griffin* decision, and K.S.A. 60-439 is a baseline proposition that judges should only discuss a defendant's decision not to testify in the context of a jury instruction informing the jury of the defendant's constitutional right.

As for commenting on the State's burden of proof, K.S.A. 2019 Supp. 21-5108(a) explicitly provides that "the state has the burden to prove beyond a reasonable doubt that a defendant is guilty of a crime." A comment indicating that a defendant carries the burden of proof violates a defendant's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. See *State v. Johnson*, 233 Kan. 981, Syl. ¶ 1, 666 P.2d 706 (1983).

*Harmless Error*

Having reviewed the applicable law, we now consider Ruiz' underlying argument that the trial judge both impermissibly commented on his right not to testify and shifted the State's burden of proof.

Based on the *Davis* decision, the *Griffin* decision, and K.S.A. 60-439, it is readily apparent that the trial judge erred by commenting on Ruiz' decision not to testify at trial before the jury. Simply put, the trial judge's comment occurred outside the context of a jury instruction. Also, the judge's comment highlighted Ruiz' decision not to testify without informing the jury that Ruiz had a constitutional privilege not to testify under the Fifth Amendment.

Also, Ruiz correctly argues that the trial judge's comment implied that he carried the burden of proof. The comment "speculated that the defense" presented no evidence because the defense felt "'that their case was strong without doing so.'" In making this comment, however, the trial judge implied that Ruiz, not the State, carried the burden of

8

proof. As a result, the trial judge's comment also violated Ruiz' rights under the Due Process Clause of the Fourteenth Amendment.

All the same, the State argues that the trial judge's comment error was harmless beyond a reasonable doubt for several reasons. For starters, the disputed comment occurred at the end of Ruiz' trial, when Ruiz' attorney stated that "if this is all the State has, the defense rests." Immediately following this statement, the trial judge explained to the jury what this meant in the context of trial procedure:

> "Okay. What that means is you have heard all the testimony you're going to hear. The defense certainly had a right to testify or to bring witnesses in to present testimony. They have chosen not to, feeling that their case was strong without doing so. That also means that the State will not be presenting any rebuttal testimony, which would be potential. So[,] you've heard all the evidence.
> "We have a set of instructions. We have yet to argue whether or not they're the right ones or not. That should take us about ten minutes. And then we will be copying the instructions, a little booklet[,] probably eight to ten pages in length of what the law is in Kansas, what your instructions are as to when you retire to the jury room what to do. . . ."

So although the trial judge discussed Ruiz' decision not to testify, he did so while attempting to explain trial procedure to the jury. That is, the underlying purpose of the trial judge's comment was not to highlight Ruiz' decision not to testify. Instead, the underlying purpose of the trial judge's comment was to explain to the jury what was going to happen next. The fact that the trial judge's comment about Ruiz' decision not to testify was a brief side note, made in passing, greatly lessens the error resulting from the trial judge's comment.

Also, the fact that the trial judge made the comment in response to Ruiz' attorney's statement that "if this is all the State has, the defense rests" further attenuates any error. In stating "if this is all the State has," Ruiz' attorney seemingly indicated to the trial judge

9

that Ruiz did not want to present evidence because he believed that the State's case against him was weak. Stated another way, Ruiz' attorney told the trial judge that he believed the State had not met its burden of proof. As a result, when the trial judge told the jury that the defense was not going to present any evidence because the defense believed that "their case was strong without doing so," the trial judge was not actively seeking to shift the burden of proof onto Ruiz. Instead, he was simply trying to explain that Ruiz believed that the State's case against him was weak.

Next, the trial judge instructed the jury on the State's burden of proof as follows:

"The State has the burden to prove the defendant is guilty. The defendant is not required to prove that he is not guilty. You must presume that he is not guilty unless you are convinced from the evidence that he is guilty.

"The test you must use in determining whether the defendant is guilty or not guilty is this: If you have a reasonable doubt as to the truth of any of the claims required to be proved by the State, you must find the defendant not guilty. If you have no reasonable doubt as to the truth of each of the claims required to be proved by the State, you should find the defendant guilty"

In addition, Ruiz requested a jury instruction on his constitutional right not to testify. The trial judge gave this instruction: "The defendant in a criminal trial has a constitutional right not to be compelled to testify. You must not draw any inference of guilt from the fact that the defendant did not testify, and you must not consider this fact in arriving at your verdict."

The preceding jury instructions were the pattern jury instructions on the State's burden of proof and a defendant's constitutional right not to testify. See PIK Crim. 4th 51.010 (2017 Supp.) and 51.080 (2012 Supp.). Furthermore, Ruiz has never alleged that the trial judge erred by providing the jury with the preceding instructions. As a result, it is

10

undisputed that the trial judge correctly instructed the jury on the State's burden of proof and a defendant's constitutional right not to testify.

Absent evidence to the contrary, appellate courts presume that the jury follows the instructions as given. *Lowery*, 308 Kan. at 1231. Here, there is no evidence indicating that the jury disregarded the instructions on the State's burden of proof and a defendant's constitutional right not to testify. In turn, because the trial judge correctly instructed the jury on the State's burden of proof and Ruiz' constitutional right not to testify, we presume that the jury followed those instructions.

Finally, at trial, Ruiz never contested that his wallet contained a dollar bill folded around a baggie of cocaine. Indeed, during closing arguments, Ruiz' attorney explicitly told the jury that Ruiz was not contesting this fact because the State had proven that there was cocaine inside his wallet. Instead, although Ruiz' attorney did not explain how Ruiz could have obtained a dollar bill folded around a baggie of cocaine inside his wallet without being aware of the cocaine's existence, Ruiz' attorney told the jury that Ruiz' defense hinged on whether the State had presented sufficient evidence that he knew of the cocaine's existence.

But the evidence indicating that Ruiz knew about the cocaine's existence inside his wallet was overwhelming. Again, the deputy who initially stopped Ruiz believed that he was under the influence partly because Ruiz fumbled with his wallet when providing his driver's license. Ruiz' fumbling with his wallet creates an inference that Ruiz was nervous while handling his wallet in front of law enforcement.

More significantly, Sergeant Heckel testified that after finding the baggie of white powder inside Ruiz' wallet, he showed the baggie to Ruiz and asked him if it contained drugs. According to Sergeant Heckel, although Ruiz did not explicitly tell him the baggie contained cocaine, Ruiz admitted that the baggie contained drugs. And, as stated earlier,

11

forensic testing established that the white powder contained within the baggie was cocaine. In short, given Ruiz' admission, there is no reasonable possibility that the trial judge's errant comment affected the jury's guilty verdict.

Thus, to summarize, in *Boothby* and in *Davis* our Supreme Court determined that the context of the erroneous comment, the giving of certain jury instructions, and the strength of the evidence supporting a defendant's guilt may render a comment error harmless beyond a reasonable doubt. *Boothby*, 310 Kan. at 629; *Davis*, 255 Kan. at 361. Likewise, in this case, the context of the trial judge's erroneous comment, the jury instruction on the State's burden of proof, the jury instruction on Ruiz' constitutional right not to testify (which Ruiz requested), and the overwhelming evidence supporting Ruiz knowingly possessed cocaine establish that there was no reasonable possibility that the trial judge's errant comment affected the jury's guilty verdict. So although the trial judge committed judicial comment error, we hold that the comment error was harmless beyond a reasonable doubt.

*Did the Trial Court Commit Reversible Error When Instructing the Jury?*

During the jury instruction conference, the trial court, Ruiz, and the prosecutor held an off-the-record discussion about the instructions because both parties had submitted proposed instructions with numerous errors. When the trial court, Ruiz, and the prosecutor returned to the record, the trial court noted that it believed the parties had "agreed upon a jury instruction set." Afterwards, the trial court asked Ruiz' attorney whether there were "[a]ny objections or requests as it relates to the instructions as proposed?" Ruiz' attorney responded, "No objection, Judge, and no additions."

Ultimately, the trial judge instructed the jury that the elements of cocaine possession were as follows:

12

"The defendant is charge[d] in count 1 with unlawfully possessing [c]ocaine. The defendant pleads not guilty. To establish this charge, each of the following claims must be proved:

1. The defendant possessed cocaine.

2. This act occurred on or about the 1st day of July 2017, in Finney County, Kansas.

"'Possession' means having joint or exclusive control over an item with knowledge of and the intent to have such control or knowingly keeping some item in a place where the person has some measure of access and right of control.

(PIK Crim. 4th 57.040)

"The State must prove that the defendant committed the crime intentionally, or knowingly, or recklessly. A defendant acts intentionally when it is the defendant's desire or conscious objective to do the act complained about by the State. A defendant acts knowingly when the defendant is aware of the nature of his conduct that the State complains about. A defendant acts recklessly when the defendant consciously disregards a substantial and unjustifiable risk that certain circumstances exist. This act by the defendant disregarding the risk must be a gross deviation from the standard of care a reasonable person would use in the same situation.

(PIK Crim. 4th 52.010)

"If the State has proved that the defendant acted intentionally, then the State has proved as well that the defendant acted knowingly. If the State has proved that the defendant acted intentionally or knowingly, then the State has proved as well that the defendant acted recklessly.

(PIK Crim. 4th 52.020)."

On appeal, Ruiz argues that the trial court erred by providing the preceding instruction because under the possession of a controlled substance statute—K.S.A. 2017 Supp. 21-5706(a)—it is impossible for someone to "recklessly" possess a controlled substance. In making this argument, Ruiz relies on an unpublished decision in *State v. Hanks*, No. 114,640, 2016 WL 4585620 (Kan. App. 2016) (unpublished opinion). Ruiz argues that the *Hanks* decision establishes that a defendant cannot recklessly possess a controlled substance. See also *State v. Harris*, No. 120,197, 2020 WL 1483669, at *7

13

(Kan. App. 2d 2020) (unpublished opinion), *petition for rev. filed* April 27, 2020 (The trial court erred by defining "recklessly" because the crimes for which Harris was charged and convicted require knowledge and intent.) Based on *Hanks* and *Harris*, Ruiz argues that this court must reverse his conviction because "there was a real possibility" that the jury convicted him under a theory of recklessly possessing cocaine.

The State responds that Ruiz has invited any error regarding the language included in the possession of cocaine elements instruction because Ruiz agreed to the wording of that instruction. We are not persuaded by the State's contention that the doctrine of invited error controls this issue.

Nevertheless, even if the doctrine of invited error is inapplicable to this issue, Ruiz is not entitled to reversal of his conviction. Turning again to Ruiz' argument, we note he argues that the trial court erred by instructing the jury on "recklessly" as a culpable mental state within the possession of cocaine elements instruction. In making this argument, he concedes that he did not object to the possession of cocaine elements instruction. When defendants challenge a jury instruction for the first time on appeal, they cannot attain reversal of their convictions unless they establish clear error. *State v. McLinn*, 307 Kan. 307, 318, 409 P.3d 1 (2018). To establish clear error, defendants must "'firmly convince [the appellate court] that the jury would have reached a different verdict had the instruction error not occurred.'" 307 Kan. at 318.

Here, Ruiz' clear error arguments are entirely unpersuasive. For starters, Ruiz' clear error argument hinges solely on his dicey contention that "there was a real possibility" that the jury convicted him under a theory of recklessly possessing cocaine. What does Ruiz mean when he states that "there was a real possibility"? When Ruiz states "there was a real possibility" that the jury convicted him under a theory of recklessly possessing cocaine, Ruiz has implicitly conceded that he has failed to meet the

higher *firmly convinced* standard—that [this court is firmly convinced] the jury would have reached a different outcome if the instruction error had not occurred.

Ruiz' argument literally begs the question, which is the fallacy of finding a conclusion on a basis that is dependent on other proof that is implicitly assumed but not established in the argument. Ruiz' argument presupposes what it endeavors to prove, namely, that this court would have been *firmly convinced* "'the jury would have reached a different verdict had the instruction error not occurred.'" 307 Kan. at 318. This evidence or proof is just what is lacking in Ruiz' question-begging argument.

Besides, Ruiz' underlying clear error argument runs counter to reason. He contends in his brief that this court should reverse his conviction because of the following:

> "Under the legally inappropriate instruction, even if a juror had a reasonable doubt that [he] knew that the folded dollar bill contained cocaine, [the juror] could have convicted [him] on the theory that [he] was aware of the risk that folded dollar bills sometimes contain controlled substances and that he consciously disregarded that risk. In this circumstance, the jury would have convicted Mr. Ruiz of recklessly possessing cocaine."

Yet, to commit a crime recklessly, a defendant must "consciously disregard[] a substantial and justifiable risk . . ." K.S.A. 2019 Supp. 21-5202(j). Thus, to accept Ruiz' argument, this court must accept that a substantial and justifiable risk existed that a defendant may have innocently obtained a folded dollar bill containing a baggie of cocaine and placed the folded dollar bill in his wallet. This argument is repugnant to reason because Ruiz admitted that the baggie contained drugs. So he would have known that the folded dollar bill in his wallet contained drugs. And, thus, no reasonable possibility existed that he innocently obtained a folded dollar bill containing a bag of cocaine.

15

Finally, as addressed in the preceding section on judicial comment error, the evidence establishing that Ruiz knew about the cocaine inside his wallet was overwhelming. Again, upon Sergeant Heckel's questioning, Ruiz admitted the baggie from his wallet contained drugs. Then, uncontested and direct evidence established that Ruiz knew he was in possession of drugs. This, in turn, entirely undermines Ruiz' contention that there was a real possibility that the jury convicted him of recklessly possessing cocaine.

Thus, the absurdity of Ruiz' underlying argument as well as the overwhelming evidence establishing that Ruiz knew about the cocaine in his wallet proves that no possibility existed that the jury convicted Ruiz under a theory of recklessly possessing cocaine. As a result, Ruiz cannot firmly convince this court that the erroneous inclusion of "recklessly" as a culpable mental state in the possession of cocaine elements instruction affected the jury's verdict as required to establish clear error.

*Does Cumulative Error Require Reversal of Ruiz' Cocaine Possession Conviction?*

Ruiz' final argument on appeal is that even if this court determines that the judicial comment error and jury instruction error do not individually require reversal of his cocaine possession conviction, the cumulative effect of those errors denied him a fair trial. Thus, Ruiz argues that the cumulative effect of those errors requires reversal of his cocaine possession conviction.

When reviewing cumulative error challenges, an appellate court considers whether under the totality of the circumstances, the cumulative effect of the trial errors prevented the defendant from receiving a fair trial. *State v. Holt*, 300 Kan. 985, 1007, 336 P.3d 312 (2014). Yet, it is a well-known rule that an appellate court cannot reverse a defendant's

16

conviction based on cumulative error when the record establishes that only one trial error occurred. *State v. Gonzalez*, 307 Kan. 575, 598, 412 P.3d 968 (2018).

Here, Ruiz established that the trial judge committed judicial comment error. Thus, Ruiz has established just a single trial error—the judicial comment error. Because Ruiz cannot establish cumulative error based on a single trial error, we reject Ruiz' cumulative error argument.

Affirmed.